GRAVES, JUSTICE,
Concurring in Result Only:
¶ 11. I agree with the result reached by the majority but not its opinion. My agreement is based on the reasons previously stated in my specially concurring opinion in Janssen Pharmaceutica, Inc. v. Armond, 866 So.2d 1092, 1102-04 (Miss.2004). Here, the majority’s reasoning is flawed to the extent it relies on the new comment to Rule 20 of the Mississippi Rules of Civil Procedure (M.R.C.P.). Once again this Court is faced with the issue of whether the claims of multiple plaintiffs were properly joined under M.R.C.P. 20. This Court sought to address a perceived abuse of Mississippi’s liberal joinder rules in the area of mass tort litigation first by fashioning a judicial remedy in Armond and then with an amendment to the comments of M.R.C.P. 20. In attempting to clarify the joinder requirements, this *1247 Court has coined the phrase “distinct liti-gable event;” however, in subsequent cases, those members of the Court who have embraced this term have provided no guidance or instruction as to what is necessary for finding “a distinct litigable event,” such that joinder may be maintained.
¶ 12. This Court should either acknowledge an equitable class action or amend the Mississippi Rules of Civil Procedure to include a class action rule mirroring Federal Rule of Civil Procedure 23, which forty-nine other states have done. Until then, we will continually be faced with having to dispose of these matters on a case-by-case basis. This will also require repeated attempts to provide structure for the now-amorphous term “distinct litigable event” with each new decision. In the meantime, both the bench and bar are left to try and discern the vague, fluid and indefinite meaning of the phrase “distinct litigable event.” This flies in the face of judicial economy and common sense, so I do not join the majority opinion.